# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOSA PLACE INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br><br> DOSA PLACE, et al., <br><br> Defendants. | CASE NO. 10cv2100-MMA (NLS) <br><br> **ORDER REFERRING UNOPPOSED MOTION FOR ENTRY OF DEFAULT TO CLERK OF COURT FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)** <br><br> [Doc. No. 13] |

This matter is before the Court on Plaintiff Dosa Place International, Inc.'s unopposed motion for entry of default against Defendant Dosa Place. Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the *clerk* must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

The instant motion requests entry of default, in accordance with the procedure required by Rule 55(a), however the motion improperly seeks entry of default by the Court, rather than the

1  Clerk. *See, e.g., Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the *clerk* is a prerequisite to an entry of default judgment.") (emphasis added). Because Plaintiff's submission otherwise complies with the requirements of Rule 55(a), the Court refers the motion to the Clerk of Court for entry of default against Defendant Dosa Place.

Plaintiff is further advised that, in accordance with the Court's General Filing Procedures Manual, available on the Court's website at www.casd.uscourts.gov, "[u]pon filing of a clerk's entry of default, a motion for default judgment and a proposed judgment should be filed with the Clerk's Office to be submitted to the judge (FRCP 55(b)(2))." Furthermore, in accordance with Civil Local Rule 7.1(b), "[a]ll hearing dates for any matters on which a ruling is required must be obtained from the [law] clerk of the judge to whom the case is assigned."

**IT IS SO ORDERED**.

DATED: March 7, 2011

Hon. Michael M. Anello
United States District Judge